Opinion issued March 15, 2012



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-10-01041-CR

———————————

Howard Randall Webb, Appellant

V.

The State of
Texas , Appellee



 



 

On Appeal from the 21st District Court

Washington County, Texas



Trial Court Case No. 15,794 Ct. V

 



 

MEMORANDUM OPINION

          The
jury convicted appellant Howard Randall Webb of burglary and found two enhancement
paragraphs “true” for prior burglary convictions.  See
Tex. Penal Code Ann. § 30.02(a)(1) (West 2011) (burglary of
habitation).  The jury assessed
punishment at 99 years’ imprisonment.  See Tex.
Penal Code Ann. § 12.42(d) (West Supp. 2011).  Webb brings three issues, contending the
trial court erred in admitting evidence of extraneous offenses (issues one and
two) and allowing venire members to see Webb being escorted outside the
courtroom in the custody of law enforcement personnel (issue three).  We affirm.

Background

          Washington
County deputy sheriffs stopped Webb’s car because it matched the description of
a vehicle thought to be connected with a number of recent burglaries.  When the deputies asked Webb for
identification, he sped away and was eventually arrested after a high‑speed
chase.  The deputies searched Webb’s car
and found a large amount of jewelry and a walkie‑talkie radio.  A subsequent arrest of Ian Gallegos by a Brenham
police officer also discovered stolen jewelry and a radio that matched the one found
in Webb’s car.

          Indicted
for five burglaries and evading arrest, the State tried Webb under the law of
parties for only the burglary of a habitation owned by Gary Wayne Merkel.

Discussion

          Webb’s
first issue contends the trial court erred in admitting evidence of an
unrelated burglary.  Webb objected under
Texas Rule of Evidence 404(b), and the State responded initially that the unrelated
burglary was offered as proof of a common plan or scheme.  However, before the court ruled, the State said
the evidence was offered as proof of “motive, opportunity, intent, preparation,
plan, knowledge, identity, and absence of mistake.”  The trial court overruled Webb’s objection but
granted his request for limiting instructions that the jury (1) consider the
evidence only if it found that Webb committed the extraneous offense and (2)
not consider the evidence to prove Webb’s character.  Thereafter, the State asked a victim of a
separate burglary if she recognized photos of two rings that were found in
Webb’s car, and she acknowledged that the rings were hers and were taken from
her house without her permission.

          On
appeal, Webb challenges the admission of this extraneous burglary on the basis
of the State’s original argument for admissibility—that the evidence was a part
of a common plan or scheme.  Webb does
not substantively address in his appellate brief why none of the later reasons
given by the State—on which the trial court explicitly based its ruling before
allowing the victim’s testimony—is an insufficient basis to uphold the
admission of the extraneous offense.  See Tex.
R. App. P. 38.1(i) (requiring brief to contain clear and concise
argument for contentions made, with appropriate citations to authorities and
record).  In particular, on appeal the
State maintains the evidence was admissible to prove Webb’s intent to commit
theft.  Webb has not contested all the
possible bases for the trial court’s ruling and therefore has not demonstrated
that it erred in admitting the evidence.

          We
overrule issue one.

          In
issue two, Webb contends the trial court erred in admitting evidence of an
unrelated burglary because the probative value of the evidence was
substantially outweighed by the danger of unfair prejudice.  See
Tex. R. Evid. 403.  Assuming—without deciding—that the extraneous‑offense
evidence posed some danger of unfair prejudice, we must consider the trial
court’s limiting instructions.  An “impermissible inference of
character conformity can be minimized through a limiting instruction.”  Lane v. State, 933 S.W.2d 504, 520 (Tex.
Crim. App. 1996).  On appeal, Webb’s
argument on issue two neither addresses
the fact that the trial court granted his request for limiting instructions to
the jury, nor explains why the limiting instructions were ineffective.

          We overrule
issue two.

          In
his final issue, Webb contends the trial court erred in denying his motions for
dismissal of the venire panel and for a mistrial after he was seen by venire
members being escorted by a deputy sheriff after a lunch break.  At that time Webb was neither restrained nor
in “jail garb,” and the deputy was walking three or four paces behind him.

          Webb
identified two venire members who saw him, neither of whom was seated as a juror.  The trial court examined both venire members,
and each said he or she was not influenced by observing Webb with the deputy
and did not discuss the matter with any other venire member.  Webb claims that other venire members saw
him, but he did not attempt to question any other members[1] and did not otherwise
object to the jury that was seated.  We
hold that the appellate record does not demonstrate any harm to Webb.

          We
overrule issue three.

Conclusion

          We
affirm the judgment of the trial court.

 

 

                                                                      Jim
Sharp

                                                                      Justice


 

Panel
consists of Justices Keyes, Bland, and Sharp.

Do
not publish.  Tex. R. App. P. 47.2(b).











[1]         On
appeal Webb states that “the trial court made no attempt to find out who all
the additional panel members were who saw this incident, and what effect this
event may have had on their ability to be fair and impartial.”  This was Webb’s burden, not the trial
court’s.